## EX PARTE PRADER.

A party cannot be imprisoned under a judgment, in a civil action, for assault and battery.

The seventy-third section of the Practice Act is in violation of Art. I, § 15 of the Constitution.

A judgment for damages for an assault and battery is as much a debt, as though recovered in an action of assumpsit.

No person can be imprisoned for debt, under the Constitution, except in cases of fraud. An assault and battery is not a case of fraud, within the meaning of the Constitution.

APPLICATION of Joseph Prader on *Habeas Corpus.*

The opinion of the Court contains a statement of the grounds for the application.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The petitioner was arrested on final process of the Court below, to

answer a judgment obtained against him, in an action for assault and battery.

The seventy-third section of the Practice Act provides, that "the defendant may be arrested when the action is for willful injury to person or character," etc. This provision is directly in conflict with the fifteenth section of Article I of the Constitution of this State, which provides, that "no person shall be imprisoned for debt in any civil action, on mesne or final process, unless in case of fraud," etc. See case of Holdforth, 1 Cal. R., 438.

An assault and battery is not a case of fraud, in the sense that that term is employed by the Constitution; neither can it be made so by the Legislature; and the judgment is a debt, as much as though recovered in an action of assumpsit.

The defendant must be discharged.